Date signed January 13, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| GEORGE R. TANNER, JR. | : | Case No. 05-24972PM |
| | : | Chapter 7 |
| Debtor | : | |
| ------------------------------- | : | |
| CHRISTOPHER NOLAN, JR. | : | |
| CHRISTINE NOLAN | : | |
| JESSICA BALDWIN | : | |
| EMORY JACKSON BALDWIN, IV | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 05-9018PM |
| | : | |
| GEORGE R. TANNER, JR. | : | |
| Defendant | : | |
| ------------------------------- | : | |

### MEMORANDUM OF DECISION

This case came before the court for a pre-trial conference. The Complaint states a claim under § 523(a)(2)(A) of the Bankruptcy Code that provides:

**11 U.S.C. § 523. Exceptions to discharge**

    (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
        \*          \*          \*          \*          \*
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by--
        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

The Complaint alleges that the Debtor sold property located at 5881 Bicknell Road, Pisgah, Maryland, to the Plaintiff Christopher Nolan, Jr., and failed to disclose the presence of substantial toxic mold, moisture and mildew on the home. The Complaint alleges that the family of Christopher Nolan, Jr., sustained serious personal injuries. Previously, the Plaintiffs filed an action against the Debtor and Baldus Realty of Charles County in the Circuit Court for Charles County, Maryland. That case was stayed as to the Debtor by the filing of this bankruptcy case under Chapter 7.

Because of the alleged personal injuries sustained by Plaintiffs, this adversary proceeding must be tried before the United States District Court for the District of Maryland under the requirements of 28 U.S.C. § 157(b)(5). However, this court finds that the most expeditious and economical way to try this case would be for this court to abstain from the exercise of jurisdiction over the adversary proceeding until such time as the Circuit Court for Charles County, Maryland, renders a final judgment as to the Debtor with respect to the existence or not of liability under this Complaint and, if liability is found, the amount of damages sustained by the Plaintiffs. Once that issue is decided, this court would then resume jurisdiction over the adversary proceeding to determine whether Plaintiffs' claim against the Debtor is discharged or not under § 523(a)(2)(A) of the Bankruptcy Code..

The court finds nothing in the pleadings to support a claim under § 523(a)(6) of the Bankruptcy Code. An appropriate order will be entered.

cc:
Oren D. Saltzman, Esq., 3201 Rogers Avenue, Suite 301, Ellicott City, MD 21043
George R. Tanner, Jr., P.O. Box 127, Marbury, MD 20658
Roger Schlossberg, Trustee, 134 West Washington St., P.O. Box 4227, Hagerstown, MD 21741
Clerk, Circuit Court for Charles, County, MD

**End of Memorandum**